IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EQUISOLAR INTERNATIONAL, INC., | ) | CASE NO. 3:10-cv-00018 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| WILLARD & KELSEY SOLAR GROUP, LLC, | ) | **WILLARD & KELSEY** |
| | ) | **SOLAR GROUP, LLC** |
| Defendant. | ) | |

Recognizing that Plaintiff EquiSolar International, Inc.'s ("EquiSolar") claim to a sales commission of $14,950,000.00 has been dismissed with prejudice pursuant to this Court's May 25, 2010 Memorandum Opinion and Order, Docket No. 18, Defendant Willard & Kelsey Solar Group, LLC ("Willard & Kelsey"), by and through counsel, for its answer to the Complaint, states as follows:

1. In response to the allegations set forth in the two subparagraphs of paragraph 1 of the Complaint, Willard & Kelsey admits only that EquiSolar seeks to recover money damages for breach of contract. Further answering, Willard & Kelsey denies the remaining allegations set forth in the two subparagraphs of paragraph 1 of the Complaint.

2. Willard & Kelsey is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and, therefore, denies the same.

3. In response to the allegations set forth in paragraph 3 of the Complaint, Willard & Kelsey admits that it entered the Sales Representative Agreement attached as Exhibit B to the Complaint and that it speaks for itself. Further answering, Willard & Kelsey is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, therefore, denies the same.

4. Willard & Kelsey admits the allegations set forth in paragraph 4 of the Complaint.

5. Willard & Kelsey denies the allegations set forth in paragraph 5 of the Complaint.

6. Willard & Kelsey denies the allegations set forth in paragraph 6 of the Complaint.

7. Willard & Kelsey denies the allegations set forth in paragraph 7 of the Complaint.

8. Willard & Kelsey denies the allegations set forth in paragraph 8 of the Complaint.

9. Willard & Kelsey denies the allegations set forth in paragraph 9 of the Complaint.

10. Willard & Kelsey denies the allegations set forth in paragraph 10 of the Complaint.

11. Willard & Kelsey denies the allegations set forth in paragraph 11 of the Complaint.

12. Willard & Kelsey denies the allegations set forth in paragraph 12 of the Complaint.

13. Willard & Kelsey denies the allegations set forth in paragraph 13 of the Complaint.

14. Without intending to deny that the "Term Sheet" attached as Exhibit A to the Complaint was signed by William R. Mitchell on behalf of Willard & Kelsey the Term Sheet speaks for itself. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 14 of the Complaint.

15. In response to the allegations set forth in paragraph 15 of the Complaint, Willard & Kelsey states that the Term Sheet speaks for itself. Further answering, Willard & Kelsey denies the remaining allegations of paragraph 15 of the Complaint and states that EquiSolar's claim that it is entitled to a sales commission of $14,950,000.00 has been dismissed with

prejudice pursuant to this Court's May 25, 2010 Memorandum Opinion and Order, Docket No. 18.

16. Willard & Kelsey denies the allegations set forth in paragraph 16 of the Complaint.

17. In response to the allegations set forth in paragraph 17 of the Complaint, Willard & Kelsey admits only that Stripling visited its Perrysburg facility at some point in 2009. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. In response to the allegations set forth in paragraph 18 of the Complaint, Willard & Kelsey states that the Term Sheet speaks for itself. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. In response to the allegations set forth in paragraph 19 of the Complaint, Willard & Kelsey states that the Term Sheet speaks for itself. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 19 of the Complaint.

20. Willard & Kelsey is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, therefore, denies the same.

21. In response to the allegations set forth in paragraph 21 of the Complaint, Willard & Kelsey states that the Term Sheet speaks for itself. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 21 of the Complaint.

22. Willard & Kelsey denies the allegations set forth in paragraph 22 of the Complaint.

23. Willard & Kelsey denies the allegations set forth in paragraph 23 of the Complaint.

24. Willard & Kelsey denies the allegations set forth in paragraph 24 of the Complaint.

25. In response to the allegations set forth in paragraph 25 of the Complaint, Willard & Kelsey admits only that the planned site visit did not occur and that a deposit was never made by Euro Park I. Further answering, Willard & Kelsey is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint and, therefore, denies the same.

26. Willard & Kelsey denies the allegations set forth in paragraph 26 of the Complaint.

27. In response to the allegations set forth in paragraph 27 of the Complaint, Willard & Kelsey admits only that the planned site visit did not occur. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 27 of the Complaint.

28. Willard & Kelsey denies the allegations set forth in paragraph 28 of the Complaint.

29. In response to the allegations set forth in paragraph 29 of the Complaint, Willard & Kelsey admits only that the planned site visit did not occur and that no panels were shipped to Euro Park I in July 2009. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 29 of the Complaint.

30. Willard & Kelsey denies the allegations set forth in paragraph 30 of the Complaint.

31. Willard & Kelsey denies the allegations set forth in paragraph 31 of the Complaint.

32. In response to the allegations set forth in paragraph 32 of the Complaint, Willard & Kelsey admits only that its former CEO, William Mitchell informed Stripling that additional funds were required to complete Willard & Kelsey's commercial production line. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 32 of the Complaint.

33. Willard & Kelsey denies the allegations set forth in paragraph 33 of the Complaint.

34. Willard & Kelsey denies the allegations set forth in paragraph 34 of the Complaint.

35. Willard & Kelsey denies the allegations set forth in paragraph 35 of the Complaint.

36. In response to the allegations set forth in paragraph 36 of the Complaint, Willard & Kelsey admits only that EquiSolar has been paid no sales commission. Further answering, Willard & Kelsey states that EquiSolar's claim that it is entitled to a sales commission of $14,950,000.00 has been dismissed with prejudice pursuant to this Court's May 25, 2010 Memorandum Opinion and Order, Docket No. 18. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. In response to the allegations set forth in paragraph 37 of the Complaint, Willard & Kelsey states that this claim for breach of contract has been dismissed with prejudice pursuant to this Court's May 25, 2010 Memorandum Opinion and Order, Docket No. 18. Further answering, Willard & Kelsey denies the remaining allegations set forth in paragraph 37 of the Complaint.

38. Willard & Kelsey denies the allegations set forth in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, Willard & Kelsey specifically controverts the prayer for relief set forth therein and denies the remaining allegations set forth in paragraph 39 of the Complaint.

## GENERAL DENIAL

40. Defendant Willard & Kelsey Solar Group, LLC denies every allegation, express or implied, set forth in the Complaint not specifically admitted herein and further denies that Plaintiff EquiSolar International, Inc. is entitled to any of the relief sought.

## FIRST SEPARATE DEFENSE

41. The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

42. Plaintiff's claim that it is entitled to a sales commission of $14,950,000.00 has been dismissed with prejudice pursuant to this Court's May 25, 2010 Memorandum Opinion and Order, Docket No. 18.

## THIRD SEPARATE DEFENSE

43. Willard & Kelsey at all times acted in accordance with its obligations of good faith.

## FOURTH SEPARATE DEFENSE

44. There has been a failure of a conditions precedent and subsequent.

## FIFTH SEPARATE DEFENSE

45. Plaintiff has failed to mitigate its damages.

## SIXTH SEPARATE DEFENSE

46. There has been a failure of consideration or want of consideration to support some or all of Plaintiff's claims.

## SEVENTH SEPARATE DEFENSE

47. Some or all of the Plaintiff's claims are barred by the express terms of the Term Sheet or the Sales Representative Agreement set forth, respectively, as Exhibits A and B to the Complaint.

## EIGHTH SEPARATE DEFENSE

48. Some or all of Plaintiff's claims are barred pursuant to principles of waiver, estoppel, and laches.

## NINTH SEPARATE DEFENSE

49. Some or all of the Plaintiff's claims are barred by ratification.

## TENTH SEPARATE DEFENSE

50. To the extent Plaintiff sustained any or all of the injuries, losses, and damages alleged they are subject to set off and recoupment.

## ELEVENTH SEPARATE DEFENSE

51. To the extent Plaintiff sustained any or all of the injuries, losses, and damages alleged, said injuries, losses, and damages were directly and proximately caused in whole or in part by Plaintiff's own conduct or the conduct of third parties whom this answering defendant neither had nor has control.

## TWELFTH SEPARATE DEFENSE

52. Some or all of Plaintiff's claims are barred by the equitable doctrines of unclean hands and in pari delicto.

**THIRTEENTH SEPARATE DEFENSE**

53. Plaintiff has failed to join necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**FOURTEENTH SEPARATE DEFENSE**

54. To the extent the Complaint can be construed as asserting a claim of fraud, the claim fails pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTEENTH SEPARATE DEFENSE**

55. Defendant Willard & Kelsey Solar Group, LLC does not waive and hereby reserves the right to make additional defenses or claims, including but not limited to those which become apparent from further investigation and discovery.

WHEREFORE, Defendant Willard & Kelsey Solar Group, LLC respectfully requests that Plaintiff EquiSolar International, Inc.'s Complaint be dismissed, that it be awarded costs for defending this action, and for such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Michael C. Brink*
Hugh M. Stanley, Jr. (0013065)
Benjamin C. Sassé (0072856)
Michael C. Brink (0076547)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1414
Ph: 216-592-5000
Fax: 216-592-5009
hugh.stanley@tuckerellis.com
benjamin.sasse@tuckerellis.com
michael.brink@tuckerellis.com

*Attorneys for Defendant*
*Willard & Kelsey Solar Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Answer of Defendant Willard & Kelsey Solar Group, LLC* was was filed electronically on this 8th day of June, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

/s/ Michael C. Brink
Hugh M. Stanley, Jr. (0013065)
Benjamin C. Sassé (0072856)
Michael C. Brink (0076547)
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1414
Ph: 216-592-5000
Fax: 216-592-5009
hugh.stanley@tuckerellis.com
benjamin.sasse@tuckerellis.com
michael.brink@tuckerellis.com

*Attorneys for Defendant*
*Willard & Kelsey Solar Group, LLC*

011381.000017.1136061.1